UNITED STATE DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA



ANITA EVERETT

    Plaintiff,

CASE NO.: 6:17-cv-895-ORL-40TBS

vs.

PLAZA RESORT AND SPA
ASSOCIATION, INC.,

    Defendant,

## COMPLAINT

Plaintiff, ANITA EVERETT, sues Defendant, PLAZA RESORT AND SPA ASSOCIATION, INC., and alleges:

## COUNT I

### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

Plaintiff, ANITA EVERETT, sues Defendant PLAZA RESORT AND SPA ASSOCIATION, INC., and alleges:

1. Plaintiff was employed by the Defendant from a period of on or about June, 2013 until on or about August 15, 2015.

2. At all times alleged hereto, defendant was an employer as defined pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. section 201 et seq.

3. During the time the Plaintiff was employed by the Defendant, Plaintiff was an employee whose status was defined pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. section 201 et seq.

4.  At the time the Plaintiff was last employed by the Defendant, Plaintiff held the position of bartender.

5.  During the time of Plaintiff's employment with the Defendant, Plaintiff, along with Defendant's other bartenders and servers, would receive tips from Defendant's customers.

6.  Upon receipt of those tips, Defendant had a policy of directing employees such as the Plaintiff to "pool" tips received for all employees during an employee's shift under one employee number during that employee's shift.

7.  Defendant then proceeded to pay that employee, such as Plaintiff, all tips received by Defendant's employees on that shift.

8.  The employee such as Plaintiff on that shift was then directed by Defendant to pay all employees on that shift out of that employee's paycheck.

9.  Defendant then reported to the Internal Revenue Service that employees such as Plaintiff received as payment in tips well beyond amounts actually received, that being the total of "pooled" tips.

10. Defendant at all times alleged hereto had a duty pursuant to the Federal Fair Labor Standards Act, 29 U.S.C. section 201 et seq., to keep accurate records of the tips received by the Plaintiff and to inform employees such as the Plaintiff to keep accurate records of those tips.

11. During the time the Plaintiff was employed by the Defendant, Defendant's reporting of amounts of "pooled" tips to the Internal Revenue Service as income earned by employees such as Plaintiff was in violation of that duty

12. At the time the Plaintiff was employed by the Defendant, Plaintiff received disability payments by and through the Social Security Administration.

13. Defendant's failure to report Plaintiff's tips accurately to the Internal Revenue Service caused Plaintiff to pay taxes above and beyond Plaintiff's actual income and caused Plaintiff to lose Plaintiff's Social Security disability benefits.

14. Defendant's actions in failing to report those tips accurately were willful and intentional.

WHEREFORE Plaintiff demands judgment for the following:

a) damages as a result of Plaintiffs paying of taxes to the Internal Revenue Service beyond amounts the Plaintiff actually earned

b) past and ongoing damages for Plaintiff's loss of Social Security disability income

c) an injunction directing Defendant to maintain and prepare accurate records of amounts of tips received by Plaintiff during the time the Plaintiff was employed by the Defendant and to report those tips accurately to the Internal Revenue Service.

d) liquidated damages a result of Defendant's willful intentional violation of the act

e) reasonable attorney's fees pursuant to 29 U.S.C. section 201 et seq.

f) such other relief as the court deems just and proper in the circumstances.

## COUNT II

### STATE ACTION FOR ACCOUNTING AND FOR DAMAGES

15. This is an action for an accounting and damages.

16. Plaintiff, ANITA EVERETT was employed by the Defendant PLAZA RESORT AND SPA ASSOCIATION, INC., from on or about June, 2013 until on or about August 15, 2015.

17. At the time the Plaintiff was last employed by the Defendant, Plaintiff held the position of bartender.

18. During the time that the plaintiff was employed by the Defendant, Plaintiff, along with

Defendant's other bartenders and servers, would receive tips from Defendant's customers.

19. Upon receipt of those tips, Defendant had a policy of directing employees such as the Plaintiff to "pool" tips received for all employees during an employee's shift under one employee's number.

20. Defendant then proceeded to pay that employee such as Plaintiff all tips received by Defendant's employees on that shift.

21. The employee such as Plaintiff was then directed by Defendant to pay all employees on that shift out of that employee's paycheck.

22. Defendant then reported the total tips to the Internal Revenue Service that employees such as Plaintiff received as payment in tips well beyond amounts actually received, that being the total of "pooled"tips.

23. Defendant had a duty to keep accurate records of the tips received by the Plaintiff and to report Plaintiff's income, inclusive of tips earned by the Plaintiff, accurately to the Internal Revenue Service.

24. Defendant's failure to report those amounts accurately to the Internal Revenue Service caused Plaintiff to pay taxes above and beyond amounts Plaintiff earned and the loss of Plaintiff's Social Security disability benefits.

25. Because of the number of tips that were earned by other employees and reported on Plaintiff's paycheck by Defendant, Plaintiff disputes that those amounts should have been reported on Plaintiff's paycheck, and Plaintiff does not have a definite and accurate accounting of all of those amounts nor written records.

26. Plaintiff's remedy at law is inadequate and will not be as expeditious as it is in equity.

**WHEREFORE**, Plaintiff demands judgment for an accounting and damages against

Defendant.

## COUNT III

## INJUNCTIVE RELIEF

27. Plaintiff was employed by the Defendant from a period of on or about June, 2013 until on or about August 15, 2015.

28. At the time the Plaintiff was last employed by the Defendant, Plaintiff held the position of bartender.

29. During the time of Plaintiff's employment with the defendant, Plaintiff, along with Defendant's other bartenders and servers, would receive tips from Defendant's customers.

30. Upon receipt of those tips, Defendant had a policy of directing employees such as the Plaintiff to "pool" tips received for all employees during an employee's shift under one employee number during that employee's shift.

31. Defendant then proceeded to pay that employee such as Plaintiff all tips received by Defendant's employees on that shift.

32. The employee such as Plaintiff on that shift was then directed by Defendant to pay all employees on that shift out of that employee's paycheck.

33. Defendant then reported to the Internal Revenue Service that employees such as Plaintiff received as payment in tips well beyond amounts actually received, that being the total of "pooled" tips.

34. Defendant at all times alleged hereto had a duty to keep accurate records of the tips received by the Plaintiff and to inform employees such as the Plaintiff to keep accurate records of those tips.

35. During the time the Plaintiff was employed by the Defendant, Defendant's reporting of amounts of "pooled" tips to the Internal Revenue Service as income earned by employees such as Plaintiff was in violation of that duty

36. At the time the Plaintiff was employed by the Defendant, Plaintiff received disability payments by and through the Social Security Administration.

37. Defendant's failure to report Plaintiff's tips accurately to the Internal Revenue Service caused Plaintiff to pay taxes above and beyond Plaintiff's actual income and caused Plaintiff to lose Plaintiff's Social Security disability benefits.

38. Defendant's actions in failing to report those tips accurately were willful and intentional.

Wherefore Plaintiff demands judgment for the following:

a) damages against Defendant for Plaintiffs paying of taxes to the Internal Revenue Service beyond amounts the Plaintiff actually earned

b) past and ongoing damages for Plaintiff's loss of Social Security disability income

c) an injunction directing Defendant to maintain and prepare accurate records of tips earned by the Plaintiff during the time the Plaintiff was employed by the Defendant and to report those tips accurately to the Internal Revenue Service

d) such other relief as the court deems just and proper in the circumstances.

## COUNT IV

## NEGLIGENCE

39. Plaintiff was employed by the Defendant from a period of on or about June, 2013 until on or about August 15, 2015.

40. At the time the Plaintiff was last employed by the Defendant, Plaintiff held the position of bartender.

41. During the time of Plaintiff's employment with the defendant, Plaintiff, along with Defendant's other bartenders and servers, would receive tips from Defendant's customers.

42. Upon receipt of those tips, Defendant had a policy of directing employees such as the Plaintiff to "pool" tips received for all employees during an employee's shift under one employee number during that employee's shift.

43. Defendant then proceeded to pay that employee such as Plaintiff all tips received by Defendant's employees on that shift.

44. The employee such as Plaintiff on that shift was then directed by Defendant to pay all employees on that shift out of that employee's paycheck.

45. Defendant then reported to the Internal Revenue Service that employees such as Plaintiff received as payment in tips well beyond amounts actually received, that being the total of "pooled" tips.

46. Defendant at all times alleged hereto had a duty to keep accurate records of the tips received by the Plaintiff and to inform employees such as the Plaintiff to keep accurate records of those tips.

47. During the time the Plaintiff was employed by the Defendant, Defendant's reporting of amounts of "pooled" tips to the Internal Revenue Service as income earned by employees such as Plaintiff was in violation of that duty.

48. At the time the Plaintiff was employed by the Defendant, Plaintiff received disability payments by and through the Social Security Administration.

49. Defendant's failure to report Plaintiff's tips accurately to the Internal Revenue Service caused Plaintiff to pay taxes above and beyond Plaintiff's actual income and caused Plaintiff to lose Plaintiff's Social Security disability benefits.

50. Defendant's actions in failing to report those tips accurately were willful and intentional.

WHEREFORE Plaintiff demands judgment for the following:

a) damages against Defendant for Plaintiffs paying of taxes to the Internal Revenue Service beyond amounts the Plaintiff actually earned

b) past and ongoing damages for Plaintiff's loss of Social Security disability income

c) such other relief as the court deems just and proper in the circumstances.

Dated this _____ day of May, 2017.

_____
DAVID W. GLASSER, ESQUIRE
116 Orange Avenue
Daytona Beach, Florida 32114
Telephone: 386-252-0175
Facsimile: 386-257-0246
Fla. Bar No. 780022
Email: david@dglasserlaw.com
legal@dglasserlaw.com
Attorney for Plaintiff